Simon Alarcon **VELAZQUEZ;** Maria
De La Concepcion Gallo Altamirano,
Petitioners,

v.

Michael B. **MUKASEY,** Attorney
General, Respondent.

No. 06–74182.

United States Court of Appeals,
Ninth Circuit.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted Nov. 13, 2007 *.

Filed Nov. 26, 2007.

Simon Alarcon Velazquez, Santa Ana, CA, pro se.

Maria De La Concepcion Maria De La Concepcion Gallo Altamirano, Santa Anna, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Kelly J. Walls, Esq., DOJ—U.S. Department of Justice Civil Div. Office of Immigration Lit., Washington, DC, for Respondent.

Before: TROTT, W. FLETCHER, and CALLAHAN, Circuit Judges.

### MEMORANDUM **.

Simon Alarcon Velazquez and Maria de la Concepcion Gallo Altamirano, natives and citizens of Mexico, petition pro se for review of the Board of Immigration Appeals' ("BIA") order denying their motion to reopen removal proceedings. To the extent we have jurisdiction, it is pursuant to 8 U.S.C. § 1252. We review de novo claims of constitutional violations in immigration proceedings. *See Ram v. INS,* 243 F.3d 510, 516 (9th Cir.2001). We dismiss in part and deny in part the petition for review.

The evidence petitioners presented with their motion to reopen concerned the same basic hardship grounds as their application for cancellation of removal. *See Fernandez v. Gonzales,* 439 F.3d 592, 602–03 (9th Cir.2006). We therefore lack jurisdiction to review the BIA's discretionary determination that the evidence would not alter its prior discretionary determination that they failed to establish the requisite hardship. *See id.* at 600 (holding that 8 U.S.C. § 1252(a)(2)(B)(i) bars this court from reviewing the denial of a motion to reopen where "the only question presented is whether [the] new evidence altered the prior, underlying discretionary determination that [the petitioner] had not met the hardship standard") (internal quotations and brackets omitted).

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Contrary to petitioners' contention, the BIA's interpretation of the hardship standard falls within the broad range authorized by the statute. *See Ramirez–Perez v. Ashcroft,* 336 F.3d 1001, 1004–1006 (9th Cir.2003).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**